UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SOPHIA GASPARINO OKONSKY            )<br>                                                                  )<br>                    Plaintiff,                              )<br>                                                                  )<br>          v.                                                   )<br>                                                                  )<br>U.S. DEPARTMENT OF HOMELAND  )<br>SECURITY, et al.,                                 )<br>                                                                  )<br>                    Defendants.                         )<br>                                                                  ) | Civil Action No. 21-0488 (BAH) |

**DEFENDANTS' REPLY IN SUPPORT OF THEIR
<u>MOTION TO TRANSFER OR DISMISS</u>**

CHANNING D. PHILLIPS
D.C. Bar #415793
Acting United States Attorney

BRIAN P. HUDAK
Acting Chief, Civil Division

CHRISTOPHER C. HAIR
PA BAR #306656
Assistant United States Attorney
555 4th Street, N.W.
Washington, D.C. 20530
Tel: (202) 252-2541
April 12, 2021                                             E-mail: Christopher.Hair@usdoj.gov

Plaintiff Sophia Gasparino Okonsky does not reside in this District and she challenges actions occurring outside this District. As such, venue is inconvenient and improper here. *See* Defs.' Memo. in Supp. of Mot. to Dismiss ("Open. Br."). Rather, Plaintiff could have and should have filed this lawsuit in the United States District Court for the District of Arizona (where she resides), or in the United States District Court for the District of Maryland, where Plaintiff's immigration application is pending at the U.S. Citizenship and Immigration Services ("USCIS") Appeals Office. The only connection to this District—the Complaint's inclusion of high-ranking Government officials as Defendants—does not make this forum convenient and is insufficient to make venue proper here.

## ARGUMENT

**I.    Plaintiff's Home Venue Is More Convenient.**

Plaintiff presents a meager opposition to Defendants' request to transfer this case to a forum with a stronger connection to this suit. Plaintiff invites this Court to rule contrary to the plethora of cases cited by Defendants in their Opening Brief, holding that application-specific immigration cases are more conveniently handled where plaintiffs reside or where the application is pending. Open. Br. at 4-5.[1] The Court should decline Plaintiff's invitation.

---

[1] The two cases relied upon by Plaintiff in opposing Defendants' motion to transfer do not concern application-specific immigration cases. Opp. at 5-6 (citing *Miller v. Insulation Contractors, Inc.*, 608 F. Supp. 2d 97, 100 (D.D.C. 2009) (discrimination claim brought under D.C. Human Rights Act); *W. Watersheds Project v. Tidwell*, 306 F. Supp. 3d 350, 352 (D.D.C. 2017) (Brown Jackson, J.) (challenge to Forest Service permit regarding elk in federal lands located in Wyoming)). Moreover, in one of them (*W. Watersheds*), the Court granted the Government's motion to transfer finding that plaintiff made no "allegation that the challenged decision was made with the involvement of any D.C.-based [ ] officials," and thus, "the fact that these named defendants reside in the District of Columbia is insufficient to support a meaningful nexus to the District." *W. Watersheds*, 306 F. Supp. 3d at 358.

First, Plaintiff is wrong that the claims arose in this District. Plaintiff does not dispute that the application at issue is pending at the Appeals Office in Maryland, not in this District. While cabinet level officials have overall responsibility for implementing the INA, they have largely delegated their authority to others to adjudicate immigration applications. Plaintiff does not present a policy challenge or plead any other basis to believe that high-ranking officials in this District have any role in the processing of the immigration application.

Second, Plaintiff is also mistaken about the public interest factors. As an initial matter, Plaintiff misunderstands Defendants' motion. Defendants contend that the familiarity with law and congestion factors are neutral. Open. Br. at 8-10. Plaintiff offers nothing to the contrary. As to the local controversy factor, Plaintiff, citing nothing, summarily concludes that it too does nothing to support transfer. But Plaintiff fails to address the cases cited by Defendants that hold the exact opposite—i.e., that there is a local interest in deciding application-specific immigration cases where the alien resides or where the application is being processed. *Compare* Opp. at 5-6, *with* Open. Br. at 8-9 (citing, among others, *Bourdon v. Dep't of Homeland Sec.*, 235 F. Supp. 3d 298, 308-09 (D.D.C. 2017) (Kollar-Kotelly, J.) (local controversy factor favored transferred in application-specific immigration case); *McAfee, LLC v. USCIS*, Civ. A. No. 19-2981 (DLF), 2019 WL 6051559, at *1 (D.D.C. Nov. 15, 2019) (same); *Abusadeh v. Chertoff*, Civ. A. No. 06-2014 (CKK), 2007 WL 2111036, at *8 (D.D.C. July 23, 2007) (same, noting "this case ultimately involves a determination of whether the USCIS Houston office should be compelled to expedite processing of Plaintiff's application")).

Ultimately, the Court's central discussion in *Abusadeh* applies with equal force here:

> Plaintiff attempts to argue that venue is nevertheless proper in the District of Columbia because the Defendants in this case are the federal government officials who are the decision-makers in immigration matters. Plaintiff's argument is true in some respects—at the highest level, the Secretary of the Department of Homeland

>Security, Director of USCIS, and Director of the FBI are important decision-makers in immigration matters. However, to be clear, Plaintiff's Complaint does not assert a general, broad-based challenge to immigration policies or regulations. Instead, it focuses solely on Plaintiff's application for naturalization and asks simply that this Court require Defendants to immediately finish adjudicating his application. With respect to Plaintiff's particular application for naturalization, then, the relevant decision-makers are not [these officials], but rather [the relevant USCIS office director] and the other decision-makers at the USCIS office in Houston, Texas. Indeed, as courts in this District have found, if the only real connection the lawsuit has to the District of Columbia is that a federal agency headquartered here is charged with generally regulating and overseeing the administrative process, venue is not appropriate in the District of Columbia.

*Abusadeh*, 2007 WL 2111036, at \*6 (internal citations, alterations, and quotation marks omitted). The Court should reach the same conclusion here and transfer this case to where Plaintiff resides or where the application is pending.

## II.     Alternatively, the Court Should Dismiss This Case for Lack of Venue.

Plaintiff has the burden to show that venue is proper in this District under 28 U.S.C. § 1391(e)(1). *See Exelon Generation v. Grumbles*, 380 F. Supp. 3d 1, 9 (D.D.C. 2019). Yet, Plaintiff fails to carry this burden. As established in Defendants' motion, "[w]hen a plaintiff brings a civil action against an officer or agency of the United States, venue is proper 'in any judicial district in which (A) a defendant in the action resides, (B) a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (C) the plaintiff resides if no real property is involved in the action.'" *See MVP Sports v. Cissna*, No. 19-cv-0742 (KBJ), 2020 WL 5816239, at \*1 (D.D.C. Sept. 30, 2020) (quoting 28 U.S.C. § 1391(e)(1)).

Plaintiff is mistaken when she argues that venue is proper here because "all defendants except for Defendant Dibbins reside in this District[.]" *See* Pl.'s Opp. to Mot. to Dismiss at 5 ("Opp."). Plaintiff is equally mistaken when she argues that venue is proper here because the acts giving rise to her claim occurred in this District. *See id.* at 9.

3

*First*, nearly all Defendants reside outside this District and thus Plaintiff cannot rely on the first prong of Section 1391(e)(1) to show that this is the proper venue for her lawsuit. In this action, Plaintiff names as Defendants the Department of Homeland Security ("DHS") and its Secretary, *see* Compl. ¶¶ 15, 17, USCIS and its Director *se id.* ¶¶ 16, 18, and the Director of the USCIS Administrative Appeals Office in Camp Springs, Maryland, *see id.* ¶ 19. As Plaintiff concedes, the Director of the USCIS Appeals Office in Maryland does not reside in this District. *See* Opp. at 5; *see also* Compl. at p. 2 (noting service address in Camp Springs, Maryland). Similarly, USCIS is no longer headquartered in this District, having recently moved its headquarters to Camp Springs, Maryland. *See* Mot. at 1-2.

Yet, Plaintiff nonetheless argues that USCIS remains headquartered in this District. *See* Opp. at 8. In support of this argument, Plaintiff provides screenshots from LinkedIn, Facebook, and the U.S. General Services Administration ("GSA") where USCIS' previous address appears to remain listed. *See id.* Plaintiff also notes that the Government did not object to her use of a Washington, D.C. address in the summons she sent to USCIS. *See id.* Plaintiff's conjecture that USCIS has not moved to Camp Springs, Maryland does not carry her burden to demonstrate that venue is proper here. *See Exelon Generation*, 380 F. Supp. 3d at 9. Rather, in contrast to Plaintiff's screenshots from social media pages, the Government has provided numerous official documents listing the new USCIS headquarters address. *See* Mot. at 1-2. Moreover, recent USCIS rulemaking documents confirm that USCIS is now headquartered in Maryland. *See, e.g.*, *Affidavit of Support on Behalf of Immigrants*, 86 Fed. Reg. 15,140, 15,140 (Mar. 22, 2021) (USCIS proposed rule, which identifies USCIS address in Camp Springs, Maryland); *Inadmissibility on Public Charge Grounds*, 86 Fed. Reg. 14,221, 14,221 (Mar. 15, 2021) (USCIS final rule, which identifies USCIS address in Camp Springs, Maryland). Moreover, GSA's website featuring up-

to-date information regarding the United States government similarly lists Camp Springs, Maryland as USCIS's headquarters, *see* https://www.usa.gov/federal-agencies/u-s-citizenship-and-immigration-services.  And USCIS's move to Maryland is hardly a surprise—the Government announced the then-impending years before it occurred.  *See, e.g.,* GSA.gov, USCIS Headquarters, https://www.gsa.gov/about-us/regions/welcome-to-the-national-capital-region-11/buildings-and-facilities/project-information-nepa/us-citizenship-and-immigration-services-headquarters; USCIS.gov, *GSA announces new lease agreement for U.S. Citizenship and Immigration Services in Camp Springs, MD* (Aug. 31, 2017), https://www.uscis.gov/archive/gsa-announces-new-lease-agreement-for-us-citizenship-and-immigration-services-in-camp-springs-md.  Ultimately, the fact that USCIS has not yet updated its social media pages is of no moment.

Even if USCIS remain headquartered in this District, dismissal would be appropriate.  As with DHS and its Secretary, Plaintiff's Complaint fails to allege that anyone from USCIS headquarters (or its Director) "was involved in the adjudication of [the] petition[.]"  *MVP Sports*, 2020 WL 5816239, at *2.  Rather, for DHS, Plaintiff vaguely alleges that the Department and its Secretary are "responsible for implementing the petition for alien relative provisions of the law and assisting USCIS with background and security checks."  Compl. ¶ 16.  Similarly, Plaintiff broadly alleges that USCIS and its Director are "responsible for implantation [sic] of the [Immigration and Nationality Act ('INA')] and for ensuring compliance with all applicable federal laws[.]" *Id.* ¶ 18.  In neither instance does Plaintiff allege any role played by DHS (or its Secretary) or USCIS (or its Director) in adjudicating Plaintiff's petition.  *See MVP Sports*, 2020 WL 5816239, at *2.

Rather, Plaintiff asks this Court to permit her to maintain this action here merely because she named high-ranking Government officials who were not involved in the challenged action, but

who may be involved in overseeing immigration issues generally. Of course, that is insufficient as the D.C. Circuit has made clear. *See Cameron v. Thornburgh*, 983 F.2d 253, 256 (D.C. Cir. 1993). Indeed, "naming the director of an agency headquartered in this district does not alone anchor venue" here. *MVP Sports*, 2020 WL 5816239, at *2 (quotation marks omitted). But Plaintiff suggests that she has done more, arguing that unlike the plaintiff in *MVP Sports*, she has satisfied Section 1391(e)(1)'s requirements by alleging that the DHS Secretary and USCIS Director are "responsible for implementing" various federal laws. Opp. at 5. Yet, that is no different from what the Court found insufficient in *MVP Sports*. The *MVP Sports* plaintiff similarly alleged that DHS has "responsibilities under the [INA] and in particular to fulfill its duties to adjudicate . . . visa petitions." Compl. ¶ 9, *MVP Sports* (D.D.C. Mar. 15, 2019). Yet the Court rejected that allegation as insufficient. *MVP Spots*, 2020 WL 5816239, at *2. Indeed, as noted in Defendants' Opening Brief, Plaintiff pleads no facts that make plausible the involvement of any D.C.-based officials in the application underlying this matter.

As such, whether viewed as a failure to state a claim or an outright defect in venue, Plaintiff has not named any Defendant in this District who has played any role "in the adjudication of [the] petition[.]" *Id.* Accordingly, this Court should conclude that Plaintiff has failed to satisfy the requirements of Section 1391(e)(1) and transfer or dismiss this case for lack of venue.

*Second*, for similar reasons, Plaintiff fails in her argument that the events giving rise to her claim occurred in this District. *See* Opp. at 9. Here again, Plaintiff's only argument is that the USCIS Director and DHS Secretary are located in this District and are responsible for overseeing the process of adjudicating petitions like the one she filed. *See id.* But as noted above, courts routinely conclude that such high-level responsibilities of agency officials are insufficient for showing that the events giving rise to a claim occurred here. *See* Mot. at 5-6. Indeed, where "the

6

only real connection [the] lawsuit has to the District of Columbia is that a federal agency headquartered here is charged with generally regulating and overseeing the [administrative] process, venue is not appropriate in the District of Columbia." *Al-Ahmed v. Chertoff*, 564 F. Supp. 2d 16, 19 (D.D.C. 2008); *see also Wolfram Alpha v. Cuccinelli*, --- F. Supp. 3d ---, 2021 WL 8254881, at *7 (D.D.C. Feb. 21, 2020) (rejecting a similar argument because it would "deluge[ ]" this District "with immigration cases simply because DHS and USCIS . . . are headquartered here").

## CONCLUSION

For the foregoing reasons, Defendants request that the Court grant their Motion and dismiss Plaintiff's claims.

April 12, 2021                             Respectfully submitted,

                                        CHANNING D. PHILLIPS
                                        D.C. Bar #415793
                                        Acting United States Attorney

                                        BRIAN P. HUDAK
                                        Acting Chief, Civil Division

By:    */s/ Christopher C. Hair*
           CHRISTOPHER C. HAIR
           PA Bar #306656
           Assistant United States Attorney
           555 4th Street, N.W.
           Washington, D.C. 20530
           Tel: (202) 252-2541
           E-mail: Christopher.Hair@usdoj.gov